WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Edward G. Lesofski, | ) | |
|---|---|---|
| Plaintiff, | ) | CV 11-840 TUC DCB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Jarrod Lash, et al., | ) | |
| Defendants. | ) | |

The Court grants in part the Motion for Summary Judgment and directs the Plaintiff to show cause why the Court should not grant the Motion for Summary Judgment in its entirety. The Court grants the Motion to Dismiss, with leave to amend. The Court grants the Plaintiff an extension of time to serve Defendants and denies the remaining motions.

## Introduction

Plaintiff filed his Complaint on December 27, 2011. He proceeds *pro se*. Plaintiff filed a First Amended Complaint on January 30, 2012. He alleges he was enrolled as a student in Defendant Arizona School of Acupuncture and Oriental Medicine (ASAOM). He alleges he was denied basic academic accommodations, and Defendant ASAOM lacks any policies to ensure that such accommodations are offered to students. He alleges Defendant ASAOM ignored academic accommodation recommendations for Plaintiff from the University of Arizona's disability access consultant and ignored medically required accommodations. He alleges that Defendant ASAOM billed and graded a class that did not exist, and Defendant Lash was not a qualified instructor and bullied students. He also sues the Accreditation Commission for Acupuncture and Oriental Medicine (Accreditation

1   Commission) for failing to ensure that Defendant ASAOM does not violate federal law.  He
2   has named the individual commissioners, including Vice Commissioner Niemiec, and he also
3   alleges claims against her for conduct taken in her role as President of the Phoenix Institute
4   of Herbal Medicine & Acupuncture (PhxHMA) for putting his application on hold there
5   following service of his Complaint on Defendant ASAOM.

6       Plaintiff seeks relief under Title III of the Americans with Disabilities Act of 1990,
7   Section 504 of the Rehabilitation Act, and the Family Educational Rights and Privacy Act
8   (FERPA).

9       On June 7, 2012, prior to the scheduling conference being held in the case and
10  issuance on June 28, 2012, of the Scheduling Order, Defendants ASAOM, Dunn, Epley,
11  Lash, Lightener, and Wagner filed a Motion for Summary Judgment (ASAOM MSJ).  On
12  August 8, 2012, Defendant McKenzie filed a Motion to Dismiss the First Amended
13  Complaint.  On August 9, 2012, the Plaintiff filed a Motion for Alternate Service and
14  Extension of Time.  On June 14, the Court provided Plaintiff with notice that he was required
15  to file a Response to the ASAOM MSJ, supported by evidence, which he did on July 8, 2012.
16  The docket reflects that no discovery has occurred in the case, and Plaintiff has failed to
17  serve the Accreditation Commission Defendants, except for Defendant McKenzie, as
18  follows: Catherine A. Niemiec, Vice Chair, and Commissioners Henry C. Chang, John
19  Cooper, Alex Holland, John Paul Liang, Lee Hullender Rubin, Jim Showrank, Angela Ying
20  Tu (Danzig), Judie G. Wexler, Joseph Changqing Yang, and Jane and John Does 13-25.

21      The Motion for Summary Judgment and Motion for Alternative Service were fully
22  briefed and ready for disposition by the Court, when Plaintiff secured counsel on August 22,
23  2012, and September 17, 2012.[1]  After hiring attorneys Mc Daniel and Kunzelman, Plaintiff

24  _____

25      [1]Plaintiff attempted to secure Mr. Thomas C. Mc Daniel as "advisory" counsel to
26  appear at any hearings and trial and to make some filings in the case, with Plaintiff also filing
    motions in the case.  Once represented by counsel, "that party cannot thereafter appear or act
27  in that party's own behalf in the cause, or take any steps therein, unless an order of

28                                          2

filed a late Response to the McKenzie Motion to Dismiss, and Defendant McKenzie has objected, pursuant to LRCiv 7.2(i), seeking summary granting of the Motion to Dismiss for failure to timely file the Response.

**A.      The ASAOM Defendants' Motion for Summary Judgment.**

These Defendants assert that Plaintiff fails to meet the threshold elements for a *prima facie* case of discrimination and lacks standing to present the claims.  In a case brought for violations of the American with Disabilities Act (ADA) and the Rehabilitation Act of 1973, the Plaintiff must establish he was discriminated against on the basis of a disability, he asked for an accommodation, and the requested accommodation was reasonable. ((Doc. 38: Motion for Summary Judgment at 5 (citing *Johnson v. Gambrinus*, 116 F.3d 1052 (1997).) Defendants argue that Plaintiff's First Amended Complaint "conspicuously" fails to identify Plaintiff's disability or the accommodation(s) he requested and an explanation as to why the requested accommodation was reasonable.

As to the remaining causes of action asserted in the First Amended Complaint, the Defendants assert there can be no third-party breach of contract claim because Plaintiff fails to identify a contract or any intention by contracting parties to benefit him as a primary party in interest. Plaintiff lacks standing to assert a claim under FERPA because the act does not create a private right of action, and Plaintiff's theory of negligence *per se* does not make sense.

Rule 56(c) provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a

substitution shall first have been made . . . ." LRCiv 83.3(c)(2).  Counsel, Erin C. Kunzelman, in Montana will appear *pro hac vice,* for Plaintiff, who resides in Montana, and Mr. Mc Daniel will appear as local counsel.  Attorney Kunzelman failed to file a Notice of Appearance for substitution in place of Plaintiff appearing *pro se* but asserts as much in the response to the McKenzie Motion to Dismiss.  (Doc. Doc. 62: Reply at 1.)

genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The opposing party need not establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).

The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 248-49. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court will grant summary judgment as a matter of law if on the record before the Court there exists no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Then, the burden shifts to the opposing party who must demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 250; *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

Motions for summary judgment are not disfavored procedural shortcuts, but rather serve as an integral part of the Federal Rules as a whole, which are designed to secure just, speedy and inexpensive resolution of every action. *Celotex*, 477 U.S. at 327. Accordingly,

the rules governing motions for summary judgment operate in regard to the rights of both the movant and nonmovant to a trial when there exists a genuine issue of material fact to be decided by a jury. At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The inquiry mirrors the standard for a directed verdict: whether the evidence presented reveals a factual disagreement requiring submission to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. *Id.* at 250-52.

**1.      The ADA and Rehabilitation Act.**

If Defendant ASAOM is a "program ... receiving Federal financial assistance," it is subject to the Rehabilitation Act of 1973. 29 U.S.C. § 794(a). In addition, as a private school or other place of education, 42 U.S.C. § 12181(7)(J), ASAOM qualifies as a "public accommodation" subject to Title III of the ADA. *See, e.g., Singh v. George Wash. Univ. Sch. of Med. & Health Sciences,* 508 F.3d 1097 (D.C.Cir. 2007) (applying Title III to a private medical school); *Kaltenberger v. Ohio Coll. of Podiatric Med.,* 162 F.3d 432 (6th Cir. 1998) (applying Title III to a private podiatric college).

The Rehabilitation Act prohibits federal grantees from excluding, denying benefits to, or discriminating against any "otherwise qualified individual ... solely by reason of her or his disability." 29 U.S.C. § 794(a). Title III of the ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines "discrimination" as including "a failure to make reasonable modifications" that are "necessary" to provide a disabled individual with such full and equal enjoyment, "unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *Id.* § 12182(b)(2)(A)(ii).

The Court construes the ADA and Rehabilitation Act similarly. *See Zulke v. Regents of the Univ. of* California, 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999) (describing the ADA and Rehabilitation Act as creating the same rights and obligations); *Freilich v. Upper Chesapeake Health, Inc.,* 313 F.3d 205, 214 (4th Cir. 2002) (same).

These statutes require a plaintiff to demonstrate the same elements to establish liability. *See Bowers v. NCAA,* 475 F.3d 524, 535 n. 12 (3d Cir. 2007) (examining claims under the Rehabilitation Act and Titles II and III of the ADA). To survive summary judgment, Plaintiff must present evidence to establish a *prima facie* case of discrimination based upon his disability.  He must produce evidence that: (1) he is "disabled" as the Acts define that term; (2) he was qualified to remain a student at the medical school, meaning that he could meet the essential eligibility requirements of the school with or without reasonable accommodation; (3) he was dismissed solely because of his disability; and (4) the school received federal financial assistance (for the Rehabilitation Act claim) or was a public entity (for the ADA claim). *Wong v. Regents of Univ. of California*, 192 F3d 807, 816 (9th Cir. 1999.)

The Defendants challenge the Plaintiff's Response and evidence as being insufficient to support his claim that he is disabled, and even assuming he suffers from Post Traumatic Stress Disorder (PTSD), Plaintiff must establish that this disability substantially limits one or more major life activities.

Defendants ASAOM are correct that the Plaintiff's First Amended Complaint, while it asserts he is disabled, fails to identify any specific disability and more importantly fails to describe any impairment resulting from his disability that substantially limits one or more major life activity.  The First Amended Complaint fails to identify the accommodation(s) requested by the Plaintiff.  This is not an area requiring discovery because it is within the knowledge and possession of the Plaintiff.

With his Response, the Plaintiff attached a "Declaration" from Tim Blee, the Department Chair at ASAOM and one of Plaintiff's instructors.  He asserts the Plaintiff had a "service dog" with him at all times; exhibited classic PTSD and ADD symptoms, especially related to test-taking, which Blee recognized based on his personal experience over many years of teaching students with such conditions; Blee made certain accommodations in his class for Plaintiff by providing a quiet, secluded space for Plaintiff to take tests; Blee informed other administrators of these accommodations and that with them the Plaintiff was able to successfully take and pass the tests, and Blee met with resistance to the idea that other instructors should make the same or similar accommodations for the Plaintiff.  (Doc. 47: Response, Ex. 47-1 at Blee Declaration.)

Plaintiff failed to tender his VA medical records to confirm his PTSD/ADD diagnosis or to tender records from the University of Arizona records, Disability Resource Center, which he asserts were sent to Defendants explaining the types of reasonable accommodations that might assist the Plaintiff.  He also failed to establish that due to his disability he has an impairment that substantially limits any of his life activities.  (Doc. 53: Reply at 4-5.)

Defendants make much of the requirement that an impairment may not be transitory, i.e., lasting or expected to last six months or less, and that the "Declarations" "merely suggest that he had trouble taking tests."  *Id.* at 4 (citing 42 U.S.C.A. § 12101(3)(B).  This is disingenuous because "learning" "concentrating" and "thinking" are considered major life activities.  *See* 42 U.S.C. § 12102 (listing "major life activities" as including, but not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working"), *see also Singh v. George Washington University School of Medicine and Health Sciences*, 508 F.3d 1097, 1104 -1105 (D.C. 2007) (recognizing that test-taking *per se* is not a major life activity, but test-taking difficulties can obviously play

7

1    a role in the "individualized assessment," required by *Toyota Motor Mfg. v. Williams,* 534

2    U.S. 184, 199 (2002) of whether the limitation in the major life activity of learning is

3    substantial). "The key obviously is the extent to which the impairment restricts the major life

4    activity." *Knapp v. Nw. Univ.,* 101 F.3d 473, 481 (7th Cir. 1996).

5         Given the Blee Declaration, the Court concludes that the Plaintiff may have failed

6    to provide his medical records and other evidentiary support to establish that he is disabled

7    and substantially impaired in a major life activity, and failed to identify necessary

8    accommodations, because he appeared *pro se,*[2] and not because the evidence of his disability

9    does not exist.  Plaintiff is now represented by counsel and the Court affords him one more

10   chance to properly support these alleged facts with evidence. Fed. R. Civ. P. 56(e)(1),

11        Should Plaintiff's disability claim survive, the Court finds merit to the Plaintiff's

12   request to conduct discovery before responding to Defendants' Motion for Summary

13   Judgment on the Intentional Infliction of Emotional Distress claim.  Fed. R. Civ. P. 56(d).

14        As to the breach of contract claim, Defendants assert the Plaintiff has acknowledged

15   he has no evidence to support it, and they "reserve the right to request attorney fees related

16   to the claim."  (Reply at 6.)   Plaintiff has asserted that he does not have copies of the

17   contracts governing his claims because Defendants have not responded to his discovery

18   requests.  This is not, as Defendants suggest, the same as admitting he has alleged meritless

19   claims.  Because ASAOM is a private school, any contracts governing ASAOM's receipt of

20   federal financial assistance, directly or indirectly through student loans, are relevant.

21   Because ASAOM is a private school, its contract with Plaintiff is relevant.

22

23

24   _____

25        [2]The Court did provide notice to the Plaintiff that he needed to site to specific
     admissible portions of the record supporting his position, but in this case because there has
26   been no discovery, there is no record.  Plaintiff, instead, needed to compile an admissible
     evidentiary record in support of his Response.  (Doc. 43: Order (citing *Rand v. Rowland,* 154
27   F.3d 952, 962 (9th Cir. 1998) (*en banc*)).

28                                                    8

1    However, the Court does not understand the legal foundation for the breach of

2    contract claim as stated by the Plaintiff in the First Amended Complaint, except that it is

3    clearly brought only against the Accreditation Commission Defendants and not the ASAOM

4    Defendants.   The Court does not consider the merits of the breach of contract claim as

5    argued by the ASAOM Defendants. The Court denies the ASAOM Motion for Summary

6    Judgment on the breach of contract claim.

7    The Court grants the Motion for Summary Judgment on the Family Educational

8    Rights and Privacy Act (FERPA) claim because there is no private cause of action under

9    FERPA. *Gonzaga Univ. v. Doe,* 536 U.S. 273, 287 (2002). The Court grants the Motion for

10   Summary Judgment as to Plaintiff's negligence *per se* claim. The Court agrees that the claim

11   does not make sense. Furthermore, it appears to be asserted against Defendant Niemiec and

12   the Accreditation Commission Defendants, who have not been served.  The Motion for

13   Summary Judgment on this claim is granted as to Defendants ASAOM.

14   The Court finds that the parties submitted memoranda thoroughly discussing the law

15   and evidence in support of their positions and oral argument will not aid the court's

16   decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200

17   (9th Cir. 1999) (explaining that if the parties provided the district court with complete

18   memoranda of the law and evidence  in support of their positions, ordinarily oral argument

19   would not be required).  Therefore, the Court denies Defendants ASAOM's requests for a

20   hearing.

21   **B.       The Defendant McKenzie's Motion for Dismiss**

22   Defendant McKenzie moves to dismiss the First Amended Complaint, pursuant to

23   Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  He

24   asserts the First Amended Complaint must be dismissed because it alleges entirely

25   conclusory assertions and fails to allege any factual basis for claims against Defendant

26   McKenzie.  Like Defendants ASAOM, he alleges the First Amended Complaint fails to

27

28                                                   9

allege a *prima facie* case of disability discrimination under the ADA or the Rehabilitation Act.  Most importantly, Defendant McKenzie asserts that as a matter of law the Title III claim fails as against him, acting in his capacity as the Chair of the Accreditation Committee, because the ADA only extends to those individuals or entities which own, lease, or operate the place of pubic accommodation at issue.  (Doc. 55: Motion to Dismiss at 4 (citing 42 U.S.C.A. 12182(a)).

Defendant McKenzie's assertion that Plaintiff fails to allege a *prima facie* case of disability discrimination fails for the same reasons and to the same extent as Defendants ASAOM's Motion for Summary Judgment fails.

The First Amended Complaint alleges that Defendant McKenzie (Chairman) and others are commissioners and management of Defendant Accreditation Commission.  (Doc. 15: First Amended Complaint at 9 ¶ 40.)  Defendant McKenzie and the other commissioners failed to provide reasonable oversight further discriminating against the Plaintiff.  *Id.* at 10 ¶ 43.  Defendant McKenzie and the other commissioners, and Defendant Accreditation Commission intentionally discriminated against the Plaintiff by failing to require appropriate training for administrators at schools accredited by the Accreditation Commission and failed to require reasonable accommodations to be included in the accreditation standards.  *Id.* at 12 ¶ 50.  The Accreditation Commission Defendants, including Defendant McKenzie knew ASAOM lacked policies and procedures for disabled students.  *Id.* at 14  ¶ 58.

Defendant McKenzie is correct that the Ninth Circuit has held that "individual defendants cannot be held personally liable for violations of the ADA."  *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1038 (9th Cir. 2006).  The ADA prohibits any private entity that owns, leases (or leases to) or operates a place of public accommodation and "private entity" means a person or entity other than a public entity,  *Emerson v. Thiel College*, 296 F.3d 184, 189 (3rd Cir. 2002) (citing 42 U.S.C. § 12182(a), 28 C.F.R. § 36.201(a), 36.104).  The term "operate" has its ordinary meaning and has been construed to

1   include "to control or direct the functioning of" and "to conduct the affairs of" the institution.

2   *Id.* (citing *Neff v. American Dairy Queen Corp*., 58 F.3d 1063, 1066 (5th Cir. 1995), *see also*

3   *Lentini v. California Center for the Arts*, 370 F.3d 837, 849-850 (9th Cir. 2004) (finding no

4   individual liability under Title III of the ADA). Similarly, individuals are not liable under

5   Rehabilitation Act *Id.*

6          In a late Response to the Motion to Dismiss, the Plaintiff asserts the following:

7          Defendant Arizona School of Acupuncture and Oriental Medicine operates
           under the direct authority of Defendant Accreditation Commission For
8          Acupuncture and Oriental Medicine. Defendant Accreditation Commission
           For Acupuncture and Oriental Medicine operates under contract with the
9          U.S. Department of Education.

10         The accreditation provided by Defendant Accreditation Commission For
           Acupuncture and Oriental Medicine provides allows Defendant Arizona
11         School of Acupuncture and Oriental Medicine to operate collecting federal
           funds. Defendant Arizona School of Acupuncture and Oriental Medicine pays its membership dues to by Defendant Accreditation Commission For
12   Acupuncture and Oriental Medicine with funds received from federal funds.

13         Defendant Accreditation Commission For Acupuncture and Oriental
           Medicine receives its funding from its member schools. Member schools
14         seek accreditation to allow federal student aid and funding under the U.S.
           Veterans Administration's veterans benefit program. Member schools pay
15         their dues with funds received from federal funding. It is this receipt of
           federal monies which allows Defendant Accreditation Commission For
16         Acupuncture and Oriental Medicine to operate and brings its actions under
           the requirements of Section 504 of the Rehabilitation Act.
17
18         Defendant Accreditation Commission For Acupuncture and Oriental
           Medicine is a member based organization. Defendant Accreditation
19         Commission For Acupuncture and Oriental Medicine controls schools
           obtaining federal funding through a contract with the U.S Department of
20         Education. As the gatekeeper for federal funding who also indirectly
           receives its operating funds from federal funding, Defendant Accreditation
21         Commission For Acupuncture and Oriental Medicine is subject to Section
           504 of the Rehabilitation Act of 1973.

22         Defendant McKenzie is chairman of the commission which runs and
           controls Defendant Accreditation Commission For Acupuncture and
23         Oriental Medicine.

24   (Doc. 62: Response at 5-6.

25          Plaintiff does not sue Defendant McKenzie, individually, under the ADA. The Court

26   notes that Title III of the ADA provides only injunctive relief, *Wander v Kaus*, 304 F.3d 856,

27

28                                              11

858 (9th Cir. 2002), and the injunctive relief sought by the Plaintiff is against the Accreditation Commission to provide proper oversight for compliance with the ADA and the Rehabilitation Act and forbid accreditation where there is noncompliance with the ADA and Rehabilitation Act.

The Court will afford the Plaintiff, who has now secured counsel, a second opportunity to amend the complaint to allege the claims against the Accreditation Commission as asserted in the Response.

### Conclusion

Furthermore, the Plaintiff may take this opportunity to amend the First Amended Complaint to reflect the rulings of the Court in this Order, and to make any other corrections or additions to properly state claims against properly named Defendants. The Court will afford the Plaintiff an extension of time to serve the Second Amended Complaint. As to the Title III ADA claim, the Defendants will be the entities ASAOM and the Accreditation Commission, and not the individual commissioners. There is no need to sue each commissioner, acting in his official capacity, to bind the Accreditation Commission by any injunction, if issued for the Plaintiff. In the event some alternative form of service is deemed necessary to affect service on the Accreditation Commission, the Plaintiff should propose such alternative service and seek leave of the Court.

The Court denies Defendant McKenzie's Motion for Summary Disposition, pursuant to LRCiv 7.2(i), because the Plaintiff's Response was six days late, and finds Defendant McKenzie's motion for an extension of time to file a reply on the merits to the Motion to Dismiss is moot.

Repeatedly, Defendant McKenzie either objects to the Plaintiff's requests to extend time for service of the unserved Defendants, dismissal of the unserved Defendants, or asks the Court to dismiss the claims against him because Plaintiff has failed to serve any other Accreditation Commission Defendants. Plaintiff has filed a Motion to Strike the Defendant's

1   motion for an extension of time to file a reply in support of the merits of his Motion to

2   Dismiss, wherein Plaintiff objects to Defendant McKenzie's repeated attempts to raise

3   arguments on behalf of unserved Defendants.  The Court denies the Motion for Extension

4   of Time, therefore, the Motion to Strike is moot.  The Court will not hear arguments from

5   Defendant McKenzie on behalf of unserved Defendants unless and until, Defendant

6   McKenzie's attorneys file a Notice of Appearance on behalf of such defendants.

7        This case was filed on December 27, 2011.  Plaintiff has appeared *pro se*.  His claims

8   have been inartfully pled, but the Court cannot find on the current record that they are legally

9   meritless.  And, a *pro se* litigant should be given an opportunity to amend the compliant to

10  overcome a deficiency unless it is clear that no amendment can cure the defect.  *See eg.,*

11  *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d 1446, 1448

12  (9th Cir. 1987); *Lopez v. Smith*, 203 F.3d 1122, 1129-1131 (9th Cir. 2000).  The Court finds

13  that the First Amended Complaint can be amended to cure its deficiencies.  This Court

14  prefers to dispose of cases pending before it on their merits, *In re Eisen*, 31 F.3d 1447, 1451

15  (9th Cir. 1994), *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992), as compared to

16  dismissing a case in response to some procedural pitfall, especially while Plaintiff was

17  proceeding *pro se* and in the face of some evidence that the unserved Defendants have

18  avoided service.

19       As to the Second Amended Complaint, Plaintiff should take care to comply with

20  Rule 12(b)(6).  All factual allegations will be taken as true and construed in the light most

21  favorable to the nonmoving party, *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1504 (9th

22  Cir. 1994), and all reasonable inferences will be drawn in favor of that party as well.

23  *Jacobsen v. Hughes Aircraft,* 105 F.3d 1288, 1296 (9th Cir. 1997).  Plaintiff must, however,

24  allege facts to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

25  U.S. 544, 570 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009).  Requiring Plaintiff

26  to allege facts which plausibly support and are not merely consistent with his claims reflects

27

28                                          13

Rule 8(a)(2)'s threshold requirement that the "plain statement" possess enough heft to "sho[w] that the pleader is entitled to relief." *Twombly* at 546, 544-557, 570, *Iqbal* at 675, 678-684.   All parties, including *pro se* litigants, are bound by the rules of this Court, which include the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (Local Rules). *Carter v. Comm'r,* 784 F.2d 1006, 1008 (9th Cir. 1986), *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 2011). The Court expects full compliance by the parties, especially the Federal Rules of Civil Procedure governing service and dispositive motions and Local Rule 7.2(i).

**Accordingly,**

**IT IS ORDERED** that the ASAOM Motion for Summary Judgment (Doc. 38) is GRANTED in part as to the FERPA claim and the negligence *per se* claim. The Court orders the Plaintiff to SHOW CAUSE why the Motion for Summary Judgment should not be granted in its entirety by filing within 21 days from the filing date of this Order evidence of the type discussed in this Order to support his assertions that he has been diagnosed with a disability, which substantially limits a major life activity (learning, concentrating or thinking) and the necessary accommodations requested by the Plaintiff. Thereafter, the Court will grant or deny the Motion for Summary Judgment in its remaining part, which challenged the Plaintiff's ability to present a *prima facie* case of discrimination under the ADA.

**IT IS FURTHER ORDERED** that in the event the Court grants ASAOM's Motion for Summary Judgment in its entirety, the case shall be dismissed in its entirety.

**IT IS FURTHER ORDERED** that the Motion for Hearing or Conference (Doc. 40) is DENIED.

**IT IS FURTHER ORDERED** that Defendant McKenzie's Motion to Dismiss, pursuant to Fed. R. Civ. P.12(b)(6) (Doc. 55) is GRANTED, with leave to amend the First Amended Complaint.

1    **IT IS FURTHER ORDERED** that within 21 days of the filing date of this Order,

2    the Plaintiff shall file a Second Amended Complaint to cure the deficiencies discussed

3    herein.

4    **IT IS FURTHER ORDERED** that the Plaintiff's Motion for an Extension of time

5    to serve Defendants (Doc. 56) is GRANTED for 30 days from the filing date of the Second

6    Amended Complaint.

7    **IT IS FURTHER ORDERED** that Defendant McKenzie's Motion for Summary

8    Disposition of the Motion to Dismiss, pursuant to LRCiv 7.2(i) (Doc. 61), is DENIED.

9    **IT IS FURTHER ORDERED** that Defendant McKenzie's Motion for Extension

10   of Time to File a Reply to the Motion to Dismiss (Doc. 65) is DENIED as moot.

11   **IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike the Motion for

12   Extension of Time to File a Reply to the Motion to Dismiss (Doc. 66) is DENIED as moot.

13   DATED this 3rd day of October, 2012.

14

15

16                                                David C. Bury

17                                          United States District Judge

18

19

20

21

22

23

24

25

26

27

28                                          15