WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

Edward G. Lesofski,              )
                                 )          CV 11-840 TUC DCB
            Plaintiff,           )
                                 )
v.                               )
                                 )          **ORDER**
Jarrod Lash, et al.,             )
                                 )
            Defendants.          )
_____)

On June 25, 2013, this Court denied in part and granted in part a Motion for Judgment on the Pleadings filed by the Arizona School of Acupuncture & Oriental Medicine (the School) and a Motion to Dismiss filed by the Accreditation Commission for Acupuncture & Oriental Medicine (the Commission). The Court set a deadline for the parties to complete discovery by October 1, 2013, to file dispositive motions by November 1, 2013, and file a pretrial order by December 1, 2013. (Order (Doc. 105) at 8.).

The Court directed the Plaintiff to file a Second Amended Complaint, *nunc pro tunc*, to change the caption of the Third Claim to Fraud by Misrepresentation, the only claim remaining against the Commission. The Court dismissed the Fourth Claim for bullying.

Since then, Defendant Don Lightener, filed a Motion for Summary Judgment, which explains that the Second Amended Complaint mentions him three times: ¶ 14) names him as the Academic Dean of the School and point contact for disabled students; ¶ 90) alleges he never contacted the Plaintiff to work with him; and ¶ 91) alleges the Plaintiff attempted to contact Lightener through email but never got a response. Defendant Lightener has attempted

1  to get the Plaintiff to voluntarily dismiss him from this action because these three allegations

2  fail to state a claim against him in the Second Amended Complaint.

3       Defendant Lightener has well grounded reasons for seeking summary judgment.

4  Plaintiff has failed to file a Response.

5       Under Rule 7.2(i) of the Rules of Practice for the United States District Court,

6  District of Arizona, a failure to file a responsive pleading may be deemed consent to the

7  motion and this Court may dispose of the motion summarily.[1]  "A motion for summary

8  judgment cannot be granted simply because the opposing party violated a local rule."

9  *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995)  This is so because a party may oppose

10  a motion for summary judgment without offering affidavits or any other materials in support

11  of its opposition.  "'Summary judgment may be resisted and must be denied on no other

12  grounds than that the movant has failed to meet its burden of demonstrating the absence of

13  triable issues.'" *Henry v. Gill Industries Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

14       Here the Court has reviewed the Complaint and considered the merits of the motion

15  and the case.  In light of these considerations, the Court finds that summarily granting the

16  motion is warranted, pursuant to Rule 7.2(i).

17       In reviewing the case the Court discovered that the Plaintiff has failed to file the

18  Second Amended Complaint, *nunc pro tunc*, as directed by the Court to correct the caption

19  for the Third Claim to be Fraud by Misrepresentation.

20       It also appears that the Plaintiff has failed to respond to the Commission's Requests

21  for Admissions because the Commission has filed a motion asking this Court to deem the

22  Requests admitted.  Plaintiff's response to the Motion for Court Order Deeming Request for

23  Admissions Propounded to Plaintiff Admitted is due September 13, 2013.  Any failure by the

24

25

26       [1]Dismissal is proper where party fails to follow a district court's local rules.  United

27  States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

28                                                2

1  Plaintiff to file a Response shall be deemed his consent to summarily grant the Commission's
2  motion, pursuant to LR Civ. 7.2(i).

3          The Commission has noticed the Plaintiff's deposition for September 16, 2013, at
4  9:00 a.m. in Phoenix, Arizona.  Plaintiff has filed a Motion for a Protective Order seeking
5  to have the deposition done telephonically or by electronic means in Montana where he
6  resides.  Plaintiff asserts that he has difficulty traveling because he has a service dog and that
7  he is currently undergoing cancer treatment.  The limited information provided by Plaintiff
8  is insufficient for the Court to find that Plaintiff should not attend a deposition in this State
9  where he has filed suit and invoked the legal protections of this forum.  (Response to Motion
10 for Protective Order (Doc. 121) at 3) (citations omitted).  However, the Court is concerned
11 that depositions not be any more burdensome than necessary.  The Court anticipates that the
12 School will also want to depose the Plaintiff, but that deposition has not yet been noticed.

13         The Commission has filed a motion requesting a Second Rule 16 Scheduling
14 Conference, which was held prior to the Commission's appearance in the case.  The Court
15 will grant the request for a Scheduling Conference to afford the parties an opportunity to
16 update the case management deadlines.  The parties should discuss actual dates for the
17 Plaintiff's deposition.  Defendants should attempt to coordinate their depositions so that
18 Plaintiff's travel is minimized.  The parties should consider whether an electronic deposition
19 might serve their needs for purposes of filing dispositive motions, if a subsequent in-person
20 in Tucson, Arizona, deposition were conducted for purposes of trial, in the event the case is
21 not resolved by dispositive motion.

22         **Accordingly,**

23         **IT IS ORDERED** that the Motion for Summary Judgment (Doc. 109) is
24 GRANTED, and the Clerk of the Court shall dismiss Defendant Lightener from the case.

25

26

27

28                                                3

1       **IT IS FURTHER ORDERED** that within 5 days of the filing date of this Order, the

2   Plaintiff shall refile the Second Amended Complaint, with the caption of the Third Claim

3   changed to Fraud by Misrepresentation.

4       **IT IS FURTHER ORDERED** that the Plaintiff's deposition set on September 16,

5   2013, is QUASHED.

6       **IT IS FURTHER ORDERED** that the Request for a Rule 16 Scheduling

7   Conference (Doc. 118) is GRANTED, which is set for **Thursday, September 19, 2013 at**

8   **10:00 a.m.** **The conference will be held telephonically with the Judge's law clerk, Greer**

9   **Barkley.** **Plaintiffs' counsel shall initiate the conference call with all appropriate**

10  **parties on the line to (520) 205-4560.**

11      **IT IS FURTHER ORDERED** that the Motion to Hold Deposition

12  Electronically/for Protective Order (Doc. 120) IS DENIED AS MOOT.

13      DATED this 11th day of September, 2013.

14

15

16                      David C. Bury

17                United States District Judge

18

19

20

21

22

23

24

25

26

27

28                  4