WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Edward G. Lesofski, | CV 11-840 TUC DCB |
| Plaintiff, | |
| v. | **ORDER** |
| Jarrod Lash, et al., | |
| Defendants. | |

On September 12, 2013, the Court set a Second Scheduling Conference to be held with the Judge's law clerk, Greer Barkley, to discuss resetting the case management deadlines in the case. Resetting deadlines is necessary due to the lack of discovery produced by the Plaintiff. Currently pending before the Court are four discovery motions filed by the Defendants. Both Defendants, the School and the Commission, ask the Court to deem their Requests for Admissions admitted because Plaintiff has failed to respond. Both Defendants ask the Court to compel the Plaintiff to respond to their discovery requests.

On September 12, 2013, in the Court's Order setting the Second Scheduling Conference, the Court also summarily granted a Motion for Summary Judgment filed by Defendant Lightener, pursuant to LR Civ 7.2(i), because Plaintiff failed to file a Response. The Court gave Plaintiff another 5 days to file the Second Amended Complaint to change the caption, *nunc pro tunc*, for the Third Claim to be Fraud by Misrepresentation because Plaintiff failed to comply with the original directive, issued by the Court on June 25, 2013, to make this filing  The Court also noted that the Plaintiff's response to the Commission's Motion to Deem Defendant's Requests for Admissions Admitted was due September 13,

2013, and "[a]ny failure by the Plaintiff to file a Response shall be deemed his consent to summarily grant the Commission's motion, pursuant to LR Civ. 7.2(i)." (Order (Doc. 124) at 3.)

At the Scheduling Conference the Plaintiff's attorney explained that the Plaintiff has been diagnosed with pancreatic cancer and is undergoing treatment, with a scan scheduled on October 7, 2013, which should determine his progress and future course of treatment. Subsequently, the Plaintiff will be in a better position to determine the specifics, including length of time, necessary for him to complete discovery. As to his deposition, the parties agree that if he is unable to come to Tucson the Defendants will conduct the deposition electronically in Montana for purposes of filing dispositive motions and conducting settlement discussions. The Defendants agree to coordinate their depositions so as to not duplicate questions and to conduct the depositions at the same time, especially if Plaintiff decides to travel to Tucson for it. In the event an electronic deposition is conducted, the Plaintiff agrees to a second in-person deposition for purposes of any trial. Plaintiff's attorney Erin Kunzelman agrees to immediately provide Defendants with the documents which should have been attached to Plaintiff's initial disclosures.

Subsequent to the Second Scheduling Conference, the Plaintiff filed the Second Amended Complaint, *nunc pro tunc*, to correct the caption in the Third Claim and filed a Motion for Extension to Respond to Discovery. Plaintiff has not separately responded to the Defendants' motions to deem their Requests for Admission admitted or the motions to compel discovery. The Plaintiff explains his failure to prosecute the case and lack of compliance with this Court's orders, the Federal Rules of Civil Procedure, and the local rules of practice for this Court, are because:"Plaintiff is currently undergoing cancer treatment,

/////

/////

1  making travel difficult at this time." (Motion for Protective Order (Doc. 120) at 3), *see also*;
2  (Motion for Extension (Doc. 128)).

3  **Accordingly**,

4  **IT IS ORDERED** that the Motion for Extension for Response to Defendants'
5  Discovery (Doc. 128) is GRANTED until November 1, 2013.

6  **IT IS FURTHER ORDERED** that Plaintiff shall show cause why this case should
7  not be dismissed for failure to prosecute, failure to comply with the Federal Rules of Civil
8  Procedure regarding discovery, the Rules of Practice of the United District Court for the
9  District of Arizona, and the Court's orders.

10  **IT IS FURTHER ORDERED** that the Plaintiff has 14 days from the filing date of
11  this Order to show cause, supported by his medical records or letter from his doctor, that he
12  has been diagnosed with pancreatic cancer, when the diagnosis was made, the treatment he
13  has undergone, and to explain how his condition has prevented him from responding to
14  Defendants' discovery requests.

15  **IT IS FURTHER ORDERED** that within 10 days of the scan scheduled for October
16  7, 2013, the Plaintiff shall file a Supplemental memo to show cause why this case should not
17  be dismissed which must show precisely any time needed for extending discovery, which
18  must include the following: 1) identify the Defendants' discovery requests which remain
19  outstanding; 2) estimate the time needed to complete this discovery; 3) identify at least five
20  dates after November 1, 2013, that Plaintiff is available for deposition and specify whether
21  the deposition will be conducted electronically in Montana or in-person in Tucson. <u>Any
22  asserted impediment to prosecuting this case asserted by the Plaintiff must be supported by
23  medical documentation.</u>

24  **IT IS FURTHER ORDERED** that the Court denies as moot <u>at this time</u> the
25  Defendants' discovery motions (Docs. 119, 123, 125, 126, 127). Subsequent to Plaintiff's
26  filing the post-October 7, 2013, Supplemental Show Cause Memorandum, the Defendants

28  3

1  may reurge and supplement their discovery motions, and Plaintiff will timely file responses,
2  pursuant to the LR Civ. 7.2(c).  Pursuant to LR Civ. 7.2(i), FAILURE TO FILE A
3  RESPONSE SHALL BE DEEMED CONSENT TO THE GRANTING OF THE MOTION.
4  If Plaintiff files any combined Responses, the document should clearly identify which
5  motions are being addressed.

6  **IT IS FURTHER ORDERED** THAT ANY FURTHER FAILURES BY THE
7  PLAINTIFF TO COMPLY WITH THE FEDERAL RULES, THE LOCAL RULES, OR
8  ORDERS OF THIS COURT, ESPECIALLY THOSE POSING AN IMPEDIMENT TO THE
9  PROSECUTION OF THIS CASE, MAY RESULT IN SANCTIONS BEING IMPOSED
10 AGAINST THE PLAINTIFF.

11 **IT IS FURTHER ORDERED** that counsel for Plaintiff shall immediately mail a
12 copy of this Order to the Plaintiff.

13 DATED this 23rd day of September, 2013.

David C. Bury
United States District Judge

4