WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Edward G. Lesofski,<br><br>                    Plaintiff,<br><br>v.<br><br>Jarrod Lash, et al.,<br><br>                    Defendants. | CV 11-840 TUC DCB<br><br>**ORDER** |

Plaintiff has one last chance to produce the discovery that is long overdue in this case or his case shall be dismissed without further notice for his failure to prosecute it, and failure to comply with the federal and local discovery rules and the Orders of this Court. (Order to Show Cause (Doc. 132)).

On December 27, 2011, Plaintiff filed this action against Defendants, the Arizona School of Acupuncture and Oriental Medicine (the School) and the Accreditation Commission for Acupuncture and Oriental Medicine (the Commission). He alleges they discriminated against him based on his disability and failed to accommodate his disability. After repeated motions to dismiss from the Defendants, both filed answers in mid-July, 2013. The Court had reset case management deadlines in June, but on August 30, 2013, the Commission sought a Rule 16 Scheduling Conference to further update them because deadlines had passed without discovery being completed. Since then the Court has been attempting to determine the status of discovery and set realistic case management deadlines. This is the last Order in a line of Orders directing the Plaintiff to show cause why his case should not be dismissed. *See* (Order to Show Cause (Doc. 132), filed September 25, 2013).

The Court refers the reader to the Commission's Motion to Compel Discovery (Doc.. 144) for an explanation of the repeated failures by the Plaintiff to produce discovery and to the School's Motion to Dismiss (Doc. 142) for examples of what appears to this Court to be instances where Plaintiff has mislead the Court with assertions that he has produced requested discovery.

On September 25, 2013, the Court granted Plaintiff's Motion for Extension of Time to November 1, 2013, to Respond to Defendants' Discovery Requests. The Court denied Defendants' motions to deem requests for admissions admitted and motions to compel discovery because the Plaintiff informed the Court that he had been diagnosed with cancer and the treatment regimen had interfered with his ability to fulfill his discovery responsibilities. The Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to produce discovery by providing a letter from his doctor substantiating his assertion of a medical excuse. (Order (Doc. 132)).

On October 9, 2013, Plaintiff responded to the OSC with a Status Report, informing the Court that Plaintiff's counsel was "attempting" to comply with the Court directive to obtain a letter from Plaintiff's doctor explaining Plaintiff's diagnosis, treatment plan, and any affect Plaintiff's condition or treatment plan will have on his ability to prosecute the case. Plaintiff was waiting for a letter from his doctor. On October 15, 2013, Plaintiff filed a Status Report, with a doctor's letter attached. On November 1, 2013, Plaintiff filed a Notice of Discovery Compliance to inform the Court that he had met the November 1, 2013, disclosure deadline for producing his answers to interrogatories, requests for admissions, and production of documents. (Notice (Doc. 140)). On November 1, 2013, the Court reset the case management deadlines. (Order (Doc. 141)).

On November 5, 2013, the School Defendant reurged its Motion to Dismiss for Failure to Prosecute and Failure to Comply with Discovery deadlines. (Doc. 142.) This motion mirrored the ACAOM Defendant's Response to Plaintiff's Discovery Update. (Doc.

139.) Defendants informed the Court that the discovery promised by and noticed as produced by November 1, 2013,[1] had not been produced. According to the School Defendant, the United States Parcel Shipping (USPS) labels attached to Plaintiff's Notice of Compliance reflecting packages to be shipped by the Plaintiff Lesofski, not his attorney, and the tracking number, when researched, reflects "Electronic Shipping Info Received" which does not mean that USPS ever actually received any packages and does not reflect an actual mailing date. (Motion (Doc. 142) at 2.) It appears that neither Defendant received Plaintiff's promised discovery.

On November 5, 2013, Plaintiff filed a Notice of Compliance with Discovery to inform the Court that the discovery was mailed on November 1, 2013, and upon receipt of the School Defendant's Motion to Dismiss, another copy was sent by overnight express on November 5, 2013.

On November 11, 2013, the ACAOM Defendant renewed its motion requesting its Requests for Admissions be deemed admitted because Plaintiff still has not responded to the ACAOM Requests for Admissions. ACAOM also asks the Court to compel Plaintiff to submit responses to ACAOM's Non-Uniform Interrogatories and Requests for Production by November 29, 2013. Thereafter, if Plaintiff continues to delay discovery in this case, ACAOM joins in the School Defendant's Motion to Dismiss the case for lack of prosecution and failure to comply with discovery rules and orders of the Court. The School Defendant has not informed the Court as to whether or not the Notice of Compliance with Discovery filed by Plaintiff on November 5, 2013, provided responsive discovery.

Unless Plaintiff can provide the Court with proof that responsive discovery was actually produced by November 6, 2013, the Court deems the Requested Admissions

---

[1] *See* Plaintiff's Discovery Update (Doc. 138) (reporting Request for Admissions completed and Plaintiff will mail them to Defendants on October 21, 2013; Requests for Documents completed and mailed out by October 25, 2013, and Plaintiff working hard to complete interrogatories by November 1, 2013.)

1  admitted because Plaintiff failed to respond within the time prescribed under Federal Rule
2  of Civil Procedure 36(a). "A matter is admitted unless, within 30 days after being served, the
3  party to whom the request is directed serves on the requesting party a written answer or
4  objection addressed to the matter." Fed. R. Civ. P. 36(a)(3). Plaintiff's failure to respond to
5  a request for admission is an automatic admission of the matter requested and no motion to
6  establish the admission is needed because the Rule is self-executing. *Smith v. Pacific Bell*
7  *Telephone Co., Inc.*, 662 F. Supp. 2d 1199, 1129 (E.D. Cal. 2009).

8  The Court vacates the current case management deadlines and resets them as
9  suggested by the Defendants; any further extensions by Plaintiff must be supported by a
10 letter[2] from his current treating physician explaining when he will be able to complete the
11 discovery. This is especially important in respect to Plaintiff's deposition. As the ACAOM
12 Defendant notes the doctor's current letter supports Plaintiff's suggestion that due to pain
13 medication, he may not be mentally competent to participate in his deposition. (Response
14 (Doc. 139) at 2.)

15 The Court notes that Plaintiff was served with ACAOM's discovery requests on July
16 26, 2013. He has provided no information regarding the onset of his cancer diagnosis nor
17 the onset of his treatment with narcotic drugs. Without this information, the Court cannot
18 accurately assess the legitimacy of his medical excuse for not producing discovery. For this
19 reason and because Plaintiff's case depends on his medical condition of disability, the Court
20 grants the Commission's Motion to Compel as to Plaintiff's medical records. Additionally,
21 this discovery does not depend on Plaintiff's clarity of mind.

22 The Court orders Plaintiff to immediately provide the Defendants with the names of
23 his physicians from a date to be identified by the Defendants to "current." Defendants may
24 prepare releases to obtain Plaintiff's medical records, including his current medical records,

---

[2] While the current letter from Plaintiff's physician confirms his diagnosis of cancer, it fails to provide the date he was first diagnosed with cancer or to inform the Court when Plaintiff's treatment plan will be finalized.

4

which Plaintiff shall sign and return to the Defendants. The releases shall provide for Plaintiff's medical records to be produced directly to the Defendants. Failure to comply with these procedures for the production of Plaintiff's medical records shall result in the dismissal of this case, without further order of this Court.

The Defendants are similarly situated and have joined in each others motions. The Court grants both the same relief.

**Accordingly,**

**IT IS ORDERED** that the Plaintiff has 7 days from the filing date of this Order to file copies of his responses to Defendants' Requests for Admissions, including copies of the corresponding Defendants' Requests for Admissions, and proof of mailing(s) reflecting the date(s) the responses were produced.

**IT IS FURTHER ORDERED** that the Motion to Compel Discovery Responses (Doc. 144) IS GRANTED IN PART AND DENIED IN PART as follows:

1.. The Defendants' Requests for Admissions shall be deemed admitted, without further notice, if Plaintiff fails to comply with the above directive to provide proof that he has responded to Defendants' Requests for Admissions.

2. The Defendants' Requests for Admissions shall be deemed admitted, without further notice, if the Court finds the Plaintiff's Responses to Defendants' Requests for Admissions were non-responsive.

3. By November 29, 2013, the Plaintiff shall produce his answers to Defendants' Interrogatories and Requests for Production, except for his medical records which shall be produced pursuant to special directives provided below.

4. Plaintiff shall, WITHIN 7 DAYS OF THE FILING DATE OF THIS ORDER, provide the Defendants with the names of his physicians from a date to be identified by the Defendants to "current. (Defendants shall immediately provide Plaintiff with the beginning point in time applicable for his disclosure

of the names and addresses of his treating physicians.) WITHIN 14 DAYS OF THE FILING DATE OF THIS ORDER, the Defendants shall prepare and provide to Plaintiff the medical releases necessary for his physicians to release Plaintiff's medical records directly to Defendants. WITHIN 7 DAYS OF RECEIVING THE RELEASES, the Plaintiff shall sign and return the releases to Defendants. PLAINTIFF'S FAILURE TO PROVIDE THE INFORMATION FOR HIS PHYSICIANS OR TO SIGN AND RETURN THE RELEASES TO DEFENDANTS SHALL RESULT IN DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND ENGAGE IN DISCOVERY, AND FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS. THE CASE WILL BE DISMISSED WITHOUT FURTHER NOTICE TO THE PLAINTIFF.

5. Plaintiff's medical records shall be kept confidential by Defendants and any filings with this Court reflecting Plaintiff's medical records shall be filed under seal. To the extent possible, the Defendants shall share the disclosure of Plaintiff's medical records and provide copies to the Plaintiff's counsel, if so requested.

6. The case management deadlines are vacated and reset: Plaintiff's deposition shall be completed by January 31, 2014; Non-expert depositions shall be completed by March 28, 2014; Plaintiff shall provide expert disclosures and reports (liability and damages) by April 30, 2014; Defendants shall provide expert disclosures and reports (liability and damages) by June 30, 2014; Rebuttal expert disclosures shall be done by July 31, 2014; Expert depositions shall be done by September 30, 2014; Discovery shall end by October 31, 2014, and Dispositive motions shall be filed by November 14, 2014.

7. The Plaintiff shall file a letter from his treating physician to support any request to further continue discovery which must identify a time frame for when the Plaintiff may be able to complete the particular discovery the Plaintiff seeks to delay.

**IT IS FURTHER ORDERED** that the Renewed Motion to Dismiss for Failure to Prosecute and Comply with Discovery (Doc. 142) is GRANTED IN PART AND DENIED IN PART as follows:  THE PLAINTIFFS FAILURE TO COMPLY WITH ANY DIRECTIVE ABOVE SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO THE PLAINTIFF.

**IT IS FURTHER ORDERED** that the Defendants shall notify the Court in the event Plaintiff fails to comply with any directive contained in this Order.

DATED this 18th day of November, 2013.

David C. Bury
United States District Judge