WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Edward G. Lesofski, | CV 11-840 TUC DCB |
| Plaintiff, | |
| v. | |
| Jarrod Lash, individually and in his official capacity as an Instructor at Arizona School of Acupuncture & Oriental Medicine, et al., | **ORDER** |
| Defendants. | |

On December 27, 2011, Plaintiff filed the Complaint, alleging Defendants failed to comply with non-discrimination laws, the American with Disabilities Act and the Rehabilitation Act, by failing to accommodate his disability. He also asserted fraud claims against the Defendant alleging they falsely held themselves out to comply with these laws. On June 25, 2013, the Court dismissed Plaintiff's claim for bullying and claims against the Commission under the ADA and RA. (Order (Doc. 104)). On September 12, 2013, the Court granted summary judgment for Defendant Lightener, ordered Plaintiff to refile the Second Amended Complaint (Order (Doc. 124)), and on November 1, 2013, the Court granted Plaintiff an extension of time and reset the case management deadlines for the case: discovery due 11/30/2013; dispositive motions due 12/31/2013, and the Proposed Pretrial Order due January 31, 2014, (Order (Doc. 141)). On December 5, 2013, the Plaintiff filed a Notice he had accepted an offer of settlement from Defendant Accreditation Commission for Acupuncture and Oriental Medicine (ACAOM). The case remained as to Defendants Jarrod Lash, Susan Wagner, David Eply and the Arizona School of Acupuncture & Oriental

Medicine, the ASAOM Defendants.[1] On July 10, 2014, the ASAOM Defendants filed a Motion for Summary Judgment.

Defendants make the following arguments for summary judgment: 1) upon Plaintiff's application and admission to the school, the only accommodation requested and granted was for his service dog to accompany him at school; 2) November 2011, Plaintiff asked for and was granted test-taking accommodations, but failed to take his exams and failed his courses; 3) Plaintiff cannot establish a *prima facie* case under the ADA or the RA. Defendants assert the Plaintiff cannot establish he is disabled as defined under the ADA because he presents only evidence of a diagnosis for panic disorder without agoraphobia and adjustment disorder with depressed mood, but fails to present evidence of how this disorder substantially limits one or more major life activities. Because Defendants agreed to his requested accommodation for test-taking, and he nevertheless failed to take his tests and failed his classes, he cannot show he is qualified with or without an accommodation. (MSJ (Doc. 168)).

All of these are well grounded reasons for granting summary judgment for Defendant.[2] Plaintiff has failed to file a Response.

Under Rule 7.2(i) of this Court's Local Rules of Practice (LRCiv), a failure to file a responsive pleading may be deemed consent to the motion and this Court may dispose of the motion summarily.[3] "A motion for summary judgment cannot be granted simply because the opposing party violated a local rule." *Marshall v. Gates*, 44 F.3d 722, 725 (9th Cir. 1995)

---

[1] On November 19, 2011, this Court denied the Defendants' Motion to Dismiss for Plaintiff's lack of prosecution due to failing to engage in discovery, and gave the Plaintiff 7 days to respond to discovery requests and reset the discovery deadlines.

[2] Even though an automatic stay is in place for Defendant Wagner, the Court grants summary judgment for all Defendants, including Defendant Wagner.

[3] Dismissal is proper where party fails to follow a district court's local rules. *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979).

(citing *Henry v. Gill Industries Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). This is so because a party may oppose a motion for summary judgment without offering affidavits or any other materials in support of its opposition. "'Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.'" *Id.* at 106 (quoting *Henry*, 983 F.2d at 950).

      Here the Court has reviewed the Complaint and considered the merits of the motion and the case. In light of these considerations, the Court finds that summarily granting the motion is warranted, pursuant to Rule 7.2(i).

      Accordingly,

      **IT IS ORDERED** that Defendants' Motion for Summary Judgement (Doc. 168) is summarily granted, pursuant to LRCiv. 7.2(i).

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

      DATED this 29th day of September, 2014.

David C. Bury
United States District Judge